IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION, as trustee for Fremont Home Loan Trust 2006-C, mortgage backed certificates, series 2006-C, | ) ) ) ) | |
| | ) | 12 C 5049 |
| Plaintiff, | ) | |
| v. | ) | Judge Virginia M. Kendall |
| | ) | |
| DAVID BEAZLEY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

HSBC Bank USA, National Association, trustee for Fremont Home Loan Trust (in such capacity, "HSBC") sued David Beazley ("Beazley") for breach of personal guarantees of a mortgage loan. On April 8, 2013, following close of discovery, HSBC moved for summary judgment. Beazley has failed to respond to HSBC's motion for summary judgment. For the reasons set forth below, HSBC's motion is granted and judgment is entered against Beazley.

## Undisputed Material Facts

Pursuant to Local Rule of Civil Procedure 56.1, "All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." Beazley has not filed any response to Bank's statement of material facts. Therefore, all facts in HSBC's statement of material facts adequately supported by the record are deemed to be undisputed. L.R. 56.1; *see also Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 398 (7th Cir.2012) (stating that "[t]he obligation set forth in Local Rule 56.1 is not a mere formality," and that "[i]t follows from the obligation imposed by Fed.R.Civ.P. 56(e) on the party opposing summary judgment to identify specific facts that establish a genuine issue for

trial") (internal quotations omitted); *see also Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) ("[I]f the non-movant does not come forward with evidence that would reasonably permit the finder of fact to find in her favor on a material question, then the court *must* enter summary judgment against her."). As Beazley also has not filed a statement of additional facts, this Court has before it only HSBC's undisputed facts and supporting record, and will accept as true all adequately supported facts.

On or about July 19, 2006, Fremont Investment & Loan ("Fremont") David Beazley a sum of $555,000.00 (the "Loan"). (Pl. SOF at ¶ 1). In exchange for the Loan, Beazley executed a Note (the "Note") in favor of Fremont. (*Id.* at ¶ 2). The Note, by its terms, requires Beazley to pay an interest at an adjustable yearly rate and to make monthly payments on the first day of every month (*Id.* at ¶¶ 4,5). In addition, Beazley agreed to pay taxes, insurance, and any other escrow items that may apply. (*Id.* at ¶ 12). The property acquired by Beazley is known as 1333 N. Wolcott Unit 3, Chicago, IL 60622 (the "Property"). (*Id.* at ¶ 9).

On August 7, 2006, Fremont secured its interest in the Note by recording a Mortgage against the Property with the Cook County Recorder of Deeds. (*Id.* at ¶ 7). The Mortgage provided that the Note was fully secured and stated that the Security Instrument secured to Fremont the following:

> (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note.

(*Id.* at ¶ 10). The language of the Mortgage went on to state:

> If the default is not cured…, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect expenses incurred in pursing the remedies provided in this

Section 22, including, but not limited to, reasonable attorney's fees and costs of title evidence.

(*Id.* at ¶ 11, Mortgage, ¶ 22).

By early 2011, Beazley had made known to Fremont that he was experiencing financial difficulties and he had defaulted on his required payments. (Pl. SOF at ¶ 13). On January 31, 2011, Fremont and Beazley executed a Note modification that waived Beazley's unpaid late charges and reduced the interest rate to an adjustable rate of 2%. (*Id.*) Beazley failed to pay the monthly installments of principal, interest, taxes, insurance, and other escrow items due on the modified Note in November 2011 (*Id.* at ¶ 14).

As a nominee for Fremont, MERS executed an Assignment of Mortgage on January 11, 2012 from Fremont to HSBC. (*Id.* at ¶ 15). Beazley had failed to make payment on the Note since November 2011, and Notice of Default and Acceleration was mailed to Beazley on January 1, 2012. (*Id.* at ¶¶ 17, 18). HSBC owned the Note and had possession of the Note as of the Complaint filing date on June 25, 2012, and a copy of the Note was attached to the Complaint. (*Id.* at ¶ 16). Beazley has made no payments on the Note since November 2011. (*Id.* at ¶¶ 17, 18).

As of August 3, 2012, there existed an outstanding principal balance of $415,564.86 as of August 3, 2012, with an accruing per day interest of $22.49, in addition to attorney's fees, foreclosure costs, late charges, advances, and expenses incurred by HSBC as a result of Beazley's default on payment. (*Id.* at ¶ 19). In addition to the outstanding balance of principal and interest, HSBC requests reimbursement of attorney and other litigation fees along with foreclosure expenses totaling $2,776.00. (*Id.* at ¶ 20). In sum, HSBC asserts that it is entitled to judgment of foreclosure and damages on Beazley's Note to HSBC in the amount of $616,888.89.

## Analysis

HSBC moves for summary judgment for foreclosure on the Mortgage. In Illinois, foreclosure proceedings are governed by the Illinois Mortgage Foreclosure Law. 735 ILCS 5/15–1501 et seq. The Illinois Mortgage Foreclosure Law defines a mortgage as "any consensual lien created by a written instrument which grants or retains an interest in real estate to secure a debt or other obligation." 735 ILCS 5/15–1207. "To foreclose" means "to terminate legal and equitable interests in real estate pursuant to a foreclosure." 735 ILCS 5/15–1202. The Illinois Mortgage Foreclosure Law requires that a copy of the Note and Mortgage be attached to the Complaint. 735 ILCS5/15-1504.

Bank has shown that Beazley defaulted under the terms of the Note and Mortgage. Beazley admits that he executed the Note and Mortgage and defaulted on his payments. Beazley also admits that valid copies of the Mortgage and Note executed by him were attached to HSBC's Complaint, as is required by the Illinois Mortgage Foreclosure Law. 735 ILCS5/15-1504. HSBC's ownership of the Note is demonstrated by its possession as well as by the Assignment of Mortgage document attached to the Complaint. Beazley was sent a Notice of Default and Acceleration more than six months prior to the filing of the Complaint and proof of mailing was provided by HSBC. Furthermore, Beazley has made no evidentiary showing that suffices to establish that a genuine issue of fact exists.

Having met all of the prerequisites to foreclose, HSBC has demonstrated that it is entitled to the payments set forth in its Motion. Beazley has not disputed any of the terms of the Note, which in any event states by clear and unambiguous language that HSBC, as successor to Fremont, is entitled to payment on demand of principal and interest on the Note upon Beazley's failure to make the obligated, and to payment of the fees and expenses that HSBC has spent

4

enforcing the terms of the Note. HSBC has demonstrated, and Beazley has not contested, that HSBC is owed the following:

- Principal balance of $415,564.86,

- Interest accrued on the unpaid principal balance at $22.49 per diem, totaling $198,548.03 for the period from October 1, 2011 to August 3, 2012, and

- Attorney fees and other litigation and foreclosure expenses totaling $2,776.00.

### Conclusion

For the reasons stated herein, HSBC's unopposed Motion for Summary Judgment is granted and judgment is entered in favor of HSBC in the amount $616,888.89.

Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: August 20, 2013